UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY ABATAYO,

                Plaintiff,

-against-

PLINY FONDEVILLA,

                Defendant.

24-CV-1507 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens County, New York, and proceeds *pro se*, brings this action invoking the Court's diversity jurisdiction. He alleges that Defendant, a California resident, defamed him in a Facebook post; this affected an event that Plaintiff had organized and Plaintiff's work in Queens County as a pastor. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff resides in Queens County, New York. He alleges that he is a "lay pastor" for the Filipino American Seventh Day Adventist (SDA) Church (ECF 1 at 15, ¶ 22), which is also in Queens County. Plaintiff is involved in some way with an SDA entity, with connections to Andrews University in Michigan. Plaintiff organized an event involving 30 pastors.

Defendant is a pastor who resides in California. (*Id.* at 15, ¶ 26.) Defendant reached out, apparently by posting on Facebook, to individuals who had been invited to participate in Plaintiff's event, which was to be held in July 2021.[1] In the post, Defendant states that Plaintiff was banned from preaching in New York because of his swindling activities and refers to further information about Plaintiff and his business activities that had been written in the "Rip Off Report." (*Id.* at 16.) The post identifies Dr. Vic Louis Arreloa as having stated that Plaintiff is not a "recognized Pastor."[2] (*Id.*) These allegedly defamatory statements affected Plaintiff's July 2021 event, and, among other things, created problems for his family at their "home church," the Jackson Heights SDA church in Queens. (*Id.* at 23.)

Defendant resides outside this district, and there is therefore no basis for venue in this district under Section 1391(b)(1). It also does not appear that the events giving rise to Plaintiff's claims occurred within this district, and it is therefore unclear if there is any basis for venue under Section 1391(b)(2). Queens County is in the Eastern District of New York. 28 U.S.C. § 112(c). It therefore appears that venue is proper, under Section 1391(b)(2), in the Eastern District of New York, where a substantial part of the events giving rise to the claims took place.[3]

---

[1] Although Plaintiff has attached a copy of the Facebook communication to the complaint (ECF 1 at 16), it is barely legible.

[2] Plaintiff has pending litigation with Arreloa in Queens County Supreme Court. *Abatoya v. Arreloa*, Index No. 725516/2023 (filed Dec. 2023).

[3] The Court expresses no opinion on whether Defendant is subject to personal jurisdiction in New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, and it is reasonable to expect that relevant documents and witnesses would be found in that district. The Eastern District of New York appears to be a more appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this district.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 29, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge